■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LANG, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, dated May 26, 1959, which denied, after a hearing, his application to vacate a judgment of said court, rendered June 20, 1939 upon his plea of guilty, convicting him of robbery in the second degree and sentencing him as a fourth felony offender to serve a term of 40 years to life. Order reversed on the law and matter remitted to the Supreme Court, Kings County, Criminal Term, for a further hearing and for further proceedings not inconsistent herewith. No questions of fact were con-

sidered. As limited at the hearing, the basis for defendant's application is that his plea of guilty was induced by the promise of the then County Judge, Hon. PETER J. BRANCATO (now deceased), that he would receive the minimum sentence of 15 years to life, as a fourth felony offender, which promise was not adhered to on sentence. The defendant had been indicted on charges of robbery in the first degree and related crimes and brought to trial. The alleged promise of leniency is claimed to have been made during a recess in the trial. At the coram nobis hearing before Judge LEIBOWITZ, the defendant testified that Judge BRANCATO promised that if defendant would plead guilty to robbery in the second degree he would give defendant a sentence of from 15 years to life. Defendant's sister, who was allegedly present, testified to the same effect. The attorney representing the defendant at the trial testified that he had a "faint recollection that there was a discussion as to a 15-year to life sentence." It was brought out that the People were represented at defendant's trial by HYMAN BARSHAY, who was then Assistant District Attorney (and who now is a Supreme Court Justice). It was agreed at the hearing that respective counsel would jointly confer with Judge BARSHAY and stipulate into the record the results of such conference. The hearing was adjourned pending receipt of such proof. The conference was apparently held but counsel omitted to stipulate the results thereof for the record. Instead, the Assistant District Attorney communicated directly with Judge LEIBOWITZ and informed him of Judge BARSHAY's statements. Under the circumstances, the determination under review cannot be sustained. The information concerning Judge BARSHAY's recollection of the circumstances surrounding defendant's plea, which had been relayed to the court by the Assistant District Attorney, was dehors the record, hearsay and unsworn. If, as the District Attorney concedes, the denial of defendant's application was based, in part, upon such information, then the defendant was not afforded a fair hearing. Even if such information was ignored by the court, however, the hearing was incomplete for it was adjourned pending a stipulation by counsel upon the record concerning the results of the conference with Judge BARSHAY, and such stipulation was never made. In our opinion, a further hearing is required in order to have Judge BARSHAY's recollection of the case made the subject of legal evidence, and in order to obtain a determination by the court based upon a complete record. Since a further hearing is to be held, the defendant should be given the opportunity of establishing the other claims which formed the basis for his coram nobis application but which were not pursued at the earlier hearing. We express no opinion, however, as to the validity of such claims. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.